**Howard E. HARMS, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT #
300, LaCRESCENT, Minnesota,
Respondent.**

**No. CX–88–2226.**

Supreme Court of Minnesota.

Aug. 16, 1989.

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Independent School District # 300, LaCrescent, Minnesota for further review be, and the same is, granted. The petitioner shall proceed as the appellant and briefs shall be filed in the quantity, form and within the time limitations contained in Minn.R.Civ.App.P. 131 and 132. Counsel will be notified at a later date of the time for argument before this court. No requests for extensions of time for the filing of briefs will be entertained.

IT IS FURTHER ORDERED that the request of the Minnesota School Board's Association to serve and file an amicus curiae brief in the above-entitled matter be, and the same is, granted. Said briefs shall be served and filed simultaneously with that of the appellant's brief.

**In re Petition for DISCIPLINARY ACTION AGAINST Robert Frederick
DUMBAUGH, an Attorney at Law of
the State of Minnesota.**

**No. C6–89–1553.**

Supreme Court of Minnesota.

Sept. 11, 1989.

## ORDER

The Respondent Robert Frederick Dumbaugh has been admitted to practice law in the State of Minnesota since December 30, 1986. Until his disbarment by the Supreme Court of Iowa on February 15, 1989, Respondent was likewise admitted to practice in Iowa.

Following his conviction in the United States District Court for the Northern District of Iowa of the crimes of embezzlement by a bankruptcy trustee in violation of 18 U.S.C. § 153 and of filing false bankruptcy accounting in violation of 18 U.S.C. § 152, both crimes being felonies, the respondent was sentenced to imprisonment for a term of 48 months for the embezzlement and for an additional period of five years for the false accounting, and is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

The Director of Lawyers Professional Responsibility in Minnesota has filed with this court a petition alleging the foregoing facts and seeking an order disbarring the respondent from the practice of law. The Director and the Respondent subsequently entered into a stipulation wherein the Respondent waived his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility, and waived his right to interpose an answer to the petition and instead unconditionally admitted the allegations of the petition. Moreover, in the stipulation both the Director and the Respondent join in recommending to this court that appropriate discipline is that this court, pursuant to Rule 15, RLPR, disbar the respondent.

The court having considered the Director's petition and the stipulation entered into between the Director and the Respondent NOW ORDERS:

1. The Respondent Robert Frederick Dumbaugh is hereby disbarred from the practice of law.

2. The Director is awarded payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.